1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6

7    NGHIEP KE LAM,                          Case No. 25-cv-09980-NW

8                    Plaintiff,
                                             **ORDER GRANTING MOTION FOR**
9         v.                                 **TEMPORARY RESTRAINING ORDER**
                                             **AND SETTING HEARING AND**
10   SERGIO ALBARRAN, et al.,                **BRIEFING SCHEDULE**

11                   Defendants.             Re: ECF No. 3

12

13        On November 19, 2025, Petitioner-Plaintiff Nghiep Ke Lam brought suit against Sergio

14   Albarran, in his official capacity as Acting San Francisco Field Office Director of U.S.

15   Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, in his official capacity as Acting

16   Director of ICE; Kristi Noem, in her official capacity as the Secretary of the U.S. Department of

17   Homeland Security ("DHS"); and Pamela Bondi, in her official capacity as Attorney General of

18   the United States (collectively, "the Government").  ECF No. 1.[1]  Mr. Lam asks the Court

19   pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order ("TRO")

20   enjoining the Government from re-detaining him "until he is afforded a hearing before a neutral

21   adjudicator, as required by the Due Process clause of the Fifth Amendment, to determine whether

22   his removal to Vietnam is reasonably foreseeable and otherwise whether circumstances have

23   changed such that his re-detention would be justified—that is, whether he poses a danger or a

24   flight risk."  ECF No. 3 at 2.  Mr. Lam "additionally seeks to enjoin Respondents from removing

25   him from the United States to any third country to which he does not have a removal order (i.e.,

26   any country other than Vietnam) without first providing him with constitutionally-compliant

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of documents.

procedures." *Id.*

## I.   BACKGROUND[2]

Mr. Lam is a forty-nine-year-old man, who was born in Vietnam and has lived in the United States for 45 years. His fiancée and son are U.S. citizens.

When he was four years old, in 1980, Mr. Lam's family fled from Vietnam and entered the U.S. as refugees. He became a lawful permanent resident. In 1994, at 18 years old, Mr. Lam was convicted of California Penal Code § 187 and served 21 years in California state prison. In November 2015, Mr. Lam was released on parole by the California Board of Parole Hearings and the Governor of California, after meeting the required showing that he had been fully rehabilitated and that he did not pose a danger to, and is suitable to return to, the community.

After Mr. Lam was released, he was detained by ICE. He went through removal proceedings before an immigration judge and was detained throughout the proceedings. "Though he expressed a fear of return to Vietnam, Mr. Lam attended only one hearing before an Immigration Judge at which he accepted a removal order." ECF No. 3 at 11. The Court understands that the final order of removal, issued during the January 20, 2016 hearing, designated Vietnam as Mr. Lam's country of removal. Neither Mr. Lam nor ICE designated a third country for his removal. At the time of his removal proceedings, and until recently, the U.S. and Vietnam were parties to an agreement providing that people who had entered the U.S. before July 12, 1995, could not be repatriated to Vietnam.[3] Mr. Lam understood that the agreement between the two countries applied to his circumstances, given that he entered the U.S. in 1980. "Because he could not be removed to Vietnam (the only country named in his removal order), and after several months it was clear that no party believed it was reasonably foreseeable that he ever would be so removed, and his ongoing detention would be unconstitutionally indefinite, Mr. Lam was released

---

[2] The factual background is drawn from Mr. Lam's complaint and motion for a TRO. ECF Nos. 1, 3.

[3] Mr. Lam refers to the "Agreement Between the Government of The United States Of America and The Government Of The Socialist Republic of Vietnam on the Acceptance of the Return of Vietnamese Citizens," entered into force on March 22, 2008 [https://www.state.gov/wp-content/uploads/2019/02/08-322-Vietnam-Repatriations.pdf].

1  from ICE detention in approximately April 2016." *Id.*

2      Mr. Lam was released from ICE detention after about five months on an Order of

3  Supervision, which required him to attend regular check-in appointments with ICE.  Mr. Lam has

4  consistently complied with his requirements for the last nine years.  Mr. Lam has worked as a

5  Reentry and Facilities Manager at the Asian Prisoner Support Committee.  He serves as a youth

6  mentor, and volunteers at local community organizations.  Mr. Lam has also applied for a pardon

7  of his state conviction.

8      On October 21, 2025, Mr. Lam attended a regular check-in appointment with ICE.  During

9  the appointment, Mr. Lam was instructed to return for another check-in appointment on November

10  21, 2025.  Mr. Lam's counsel has been in contact with ICE, and ICE has not indicated whether it

11  intends to detain Mr. Lam at the upcoming appointment.  Mr. Lam is worried that, "[i]n light of

12  credible reports of ICE re-incarcerating individuals at their ICE check-ins and [Mr. Lam's]

13  counsel's own experiences, it is highly likely that Mr. Lam will be arrested and detained at his

14  upcoming ICE check-in."  ECF No. 3 at 14.  Mr. Lam fears being re-detained, transferred outside

15  of California, and removed from the U.S. to a third country without notice and or an opportunity

16  to apply for fear-based relief.

17      On November 19, 2025, Mr. Lam initiated this case and filed a motion for a TRO, seeking

18  relief before his November 21, 2025 check-in appointment with ICE.  The Government filed an

19  opposition.  ECF No. 6.

20  **II.    DISCUSSION**

21      Courts use the same standard for issuing a temporary restraining order as that for issuing a

22  preliminary injunction.  *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017)

23  ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially

24  identical." (internal quotation marks and citation omitted)).  An injunction is a matter of equitable

25  discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that

26  the plaintiff is entitled to such relief."  *Winter v. Nat. Resources Def. Council, Inc.*, 555 U.S. 7, 22

27  (2008).

28      A plaintiff seeking preliminary injunctive relief must establish "[1] that he is likely to

United States District Court
Northern District of California

3

1    succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary

2    relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public

3    interest." *Id.* at 20.  Courts may still issue a preliminary injunction if a "plaintiff can only show

4    that there are serious questions going to the merits – a lesser showing than likelihood of success on

5    the merits," if the balance of equities "tips sharply in the plaintiff's favor" and the plaintiff

6    establishes that they are likely to suffer irreparable harm and that an injunction is in the public

7    interest. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (internal quotation

8    marks and citations omitted).[4]

9        Here, Mr. Lam has demonstrated that there are serious questions going to the merits of his

10   claims under the Due Process Clause and has further established that he is likely to succeed on the

11   merits.  The Due Process Clause of the Fifth Amendment prohibits the Government from

12   depriving individuals of their life, liberty, or property, without due process of law.  U.S. Const.

13   amend. V.  In particular, "[f]reedom from imprisonment—from government custody, detention, or

14   other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v.*

15   *Davis*, 533 U.S. 678, 690 (2001).  "These protections 'appl[y] to all "persons" within the United

16   States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent,'

17   and to immigration detention as well as criminal detention." *Hernandez v. Sessions*, 872 F.3d 976,

18   990 (9th Cir. 2017) (citing *Zadvydas*, 533 U.S. at 693).

19       The Government can detain noncitizens pursuant statutory authority directing the Attorney

20   General to removal any noncitizen from the United States within 90 days of any order of removal.

21   8 U.S.C § 1231(a); *see also Avilez v. Garland*, 69 F.4th 525, 530-31 (9th Cir. 2023).  However,

22   once that time passes and "removal is no longer reasonably foreseeable, continued detention is no

23   longer authorized by statute," the noncitizen may be released.  *Zadvydas*, 533 U.S. at 699.

24       The Government can revoke that release, including "if, on account of changed

25   circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be

26   removed in the reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  From the Government's

27   ─────────────────

28   [4] Where, as here, the Government is a party, the last two *Winter* factors merge.  *See Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014).

United States District Court
Northern District of California

1    opposition, this is the provision at issue here.

2        The Government argues that while "political barriers to removing citizens of Vietnam"

3    previously existed, the United States and Vietnam signed a Memorandum of Understanding

4    ("MOU") to create a process for deporting Vietnamese immigrants who arrived in the United

5    States prior to 1995.  ECF No. 6 at 5-6.  The Government then generally asserts that "[r]emoval to

6    Vietnam is thus now readily accomplished."  *Id.* at 6.

7        The Government's arguments and general assertions about removal of individuals to

8    Vietnam generally, as opposed to the specific, reasonably foreseeable removal of Mr. Lam based

9    on his final order of removal, are unavailing.  It is unclear whether the Government has met its

10   burden of demonstrating that Mr. Lam's removal to Vietnam is imminent, or if "on account of

11   changed circumstances, . . . there is a significant likelihood that [Mr. Lam] may be removed in the

12   reasonably foreseeable future."  8 C.F.R. § 241.13(i)(2).  As such, and in an abundance of caution,

13   the Court temporarily enjoins the parties from deviating from the status quo until the parties'

14   rights can be fully briefed and presented at oral argument.

15       The Court finds that the balance of equities tips in Mr. Lam's favor, and a temporary

16   injunction is in the public interest.  In the context of immigration detention, "the government has

17   no legitimate interest in detaining individuals who have been determined not to be a danger to the

18   community and whose appearance at future immigration proceedings can be reasonably ensured

19   by a lesser bond or alternative conditions."  *Hernandez*, 872 F.3d at 994.  Here the balance of

20   equities favors maintaining the status quo and enjoining the Government from detaining Mr. Lam

21   for a short period, until the matter can be fully briefed by both parties.  Mr. Lam faces substantial

22   harm if he were to be re-detained and transferred outside of California, away from his U.S. citizen

23   fiancée and son.  There is no indication that Mr. Lam will not appear at future ICE check-ins, as he

24   has consistently complied with his supervised release requirements for the last nine years.

25       Under the limited circumstances of this case, and because the TRO should not result in any

26   financial damage to the Government, the Court waives the requirement that Plaintiff give an

27   amount of security.

28

United States District Court
Northern District of California

5

**III.    CONCLUSION**

The Court GRANTS Mr. Lam's motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter.  The Court sets this matter for a remote hearing on **Tuesday, November 25, 2025, at 9:30 a.m.**

It is FURTHER ORDERED that:

1) Defendants, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from re-arresting and re-detaining Mr. Lam prior to a further Order of this Court, including during, or after, the hearing on Tuesday, November 25, 2025, on grounds related to his immigration status.

2) Defendants, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from removing Mr. Lam to any third country without first providing him with constitutionally-compliant procedures.

3) Defendants, and all their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby ENJOINED and RESTRAINED from removing Mr. Lam to Vietnam prior to a further Order of this Court, including during, or after, the hearing on Tuesday, November 25, 2025, on grounds related to his immigration status.

4) No security bond is required under Federal Rule of Civil Procedure 65(c).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Government is FURTHER ORDERED **by no later than Monday, November 24, 2025, at 3:00 p.m.** to provide evidence, specific as to Mr. Lam, that his removal to Vietnam is reasonably foreseeable, including but not limited to:

- Any request by DHS of appropriate travel documents for Mr. Lam's removal to Vietnam;

- Any response by Vietnam regarding Mr. Lam's removal to Vietnam; and

- Any other information pursuant to the MOU and specific to Mr. Lam.

**IT IS SO ORDERED.**

Dated: November 20, 2025

Noël Wise
United States District Judge